# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| DONNA BUETTNER-HARTSOE, *et al.*, | |
| *Plaintiffs /Appellees*, | Appeal No. 23-1453 |
| v. | D. Md. No. 1:20-cv-03132-RDB |
| BALTIMORE LUTHERAN HIGH SCHOOL ASSOCIATION d/b/a/ CONCORDIA PREPARATORY SCHOOL, | |
| *Defendant/Appellant*. | |

## CONSENT MOTION OF THE *AMICI CURIAE* ASSOCIATIONS OF INDEPENDENT SCHOOLS FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT

*Amici Curiae* the National Association of Independent Schools ("NAIS"), the National Business Officers Association ("NBOA"), the Association of Independent Schools of Greater Washington ("AISGW"), the Southern Association of Independent Schools ("SAIS"), the Virginia Association of Independent Schools ("VAIS"), the North Carolina Association of Independent Schools ("NCAIS"), and the Palmetto Association of Independent Schools ("PAIS") (collectively, the "*Amici*"), through undersigned counsel and pursuant to Rule 29(a)(8) of the Federal Rules of Appellate Procedure, hereby move for leave to participate in oral argument

in the above-captioned appeal. Defendant-Appellant joins in this request and has agreed to cede six minutes of its oral argument time to counsel for these *Amici*, and Plaintiffs-Appellees consent to the *Amici's* participation.

1. If the district court's ruling is allowed to stand, it could have devastating consequences for independent schools and other small nonprofit organizations, and the *Amici* are uniquely well positioned to speak about those consequences at oral argument. The *Amici* are each nonprofit membership associations representing approximately 2,500 independent, private schools serving preschool through high school students. Those schools are primarily tax-exempt nonprofit organizations guided by their own missions, overseen by independent boards of trustees, and mainly financed through tuition and charitable contributions. Together, they educate over 750,000 students and employ more than 60,000 teachers nationwide. Fifty-four (54) other school-based nonprofit organizations signed a letter in support of *Amici's* efforts, which is Exhibit 1 to their amicus brief filed in the district court.

2. The issue certified for appeal in this case—whether tax-exempt status constitutes "federal financial assistance" for purposes of Title IX—will determine whether members of *Amici* continue to have the freedom and flexibility to develop their own policies and procedures to combat sex-based discrimination and harassment. As the *Amici* have explained in their brief and are prepared to discuss further at oral argument, independent schools care deeply about protecting their

students and other community members and have long adopted rigorous and effective safeguards tailored to their size and mission that are compliant with state and local laws. Amicus Brief at 16-20, Doc. No. 21-1.

3. If the district court's decision stands, it could impose massive, prescriptive one-size-fits-all compliance regimes on the members of *Amici* that would severely restrict their ability to tailor programs to the individual needs of their communities, school sizes, and missions, and threaten to overwhelm them, both financially and administratively. It is one thing to appreciate this concept in the abstract—it is another to be confronted with specific examples from independent schools. *Amici* have outlined in their brief some of the many ways in which the impractical and inflexible requirements under the Department of Education's Title IX regulations would be unworkable for their members' day-to-day operations and are prepared to expound upon those further at oral argument. *Id*. at 20-25.

4. Moreover, it is unlikely that the district court's holding would be limited to just Title IX. A host of other laws and regulations that rely on similar definitions of "federal financial assistance" could apply to independent schools and other nonprofits if the district court's decision stands. *Id*. at 25-27. *Amici* have also addressed this issue in their brief and are prepared to further discuss at oral argument those laws and regulations and how they would threaten their ability to operate and, indeed, their very existence. *Id*. at 25-27.

5. *Amici's* members are on the front lines of protecting students and community members and will be tasked with navigating the fallout if the district court's decision stands. No other party or amicus can speak to these issues with the same breadth of experience or present on-the-ground insights and examples from independent schools. *Amici* submit that their participation at oral argument is essential for the Court to understand the ramifications of this issue and stand ready to illustrate those ramifications and to answer any questions this Court may have.

## **CONCLUSION**

For all of these reasons, *Amici* respectfully request that the Court grant this consent motion for leave to participate in oral argument.

Dated: January 4, 2024            Respectfully Submitted,

                                                    */s/ Evan T. Shea*
Geoffrey R. Garinther, Esq.
grgarinther@venable.com
Evan T. Shea, Esq.
etshea@venable.com
William B. King, Esq.
wbking@venable.com
Elizabeth C. Rinehart, Esq.
lcrinehart@venable.com
Venable LLP
750 East Pratt Street, Suite 900
Baltimore, Maryland 21202
Tel: (410) 244-7400
Fax: (410) 244-7742

Joshua W.B. Richards
joshua.richards@saul.com
Saul Ewing Arnstein & Lehr LLP
Centre Square West
1500 Market Street, 38th
Philadelphia, PA 19102-2186
Tel: (215) 972-7737

*Counsel for Amici*


Megan H. Mann
NAIS General Counsel
mann@nais.org
National Association of Independent Schools
1129 20th, NW, Suite 800
Washington, DC 20036-3425
Tel: (202) 973-9716

*Counsel for the National Association of Independent Schools*

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 663 words. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: January 4, 2024

                */s/ Evan T. Shea*

# CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January, 2024, I filed and served copies of the foregoing CONSENT MOTION OF THE *AMICI CURIAE* ASSOCIATIONS OF INDEPENDENT SCHOOLS FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT upon all counsel of record via this Court's CM/ECF system.

                                                           */s/ Evan T. Shea*